IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| DANA ARDRY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil No. 07-00129-CV-W-NKL-P |
| ) | Crim. No. 04-00290-05-CR-W-NKL |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

ORDER

Pending before the Court is Dana Ardry's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. # 1]. For the reasons set forth below, the motion is denied.

**I.    Background**

On September 10, 2004, Ardry was indicted on numerous drug-related charges. On February 2, 2005, he entered into a written plea agreement with the Government, expressly waiving his right "to appeal his sentence, directly or collaterally." (Plea Agrmt. ¶ 9.) Before accepting his guilty plea, United States Magistrate Judge Maughmer solicited testimony from Ardry. Ardry testified that he understood the charges against him (Plea Tr. at 4); that he could read, write and understand the English language (Plea Tr. at 6-7); that he reviewed the plea agreement with his attorney, understood its contents and voluntarily signed it (Plea Tr. at 10); and that he wished to plead guilty and that such

1

plea was a voluntary act (Plea Tr. at 10). Ardry further testified that he was fully satisfied with the representation his counsel had provided. (Plea Tr. at 18.) Prior to accepting his plea, Judge Maughmer confirmed that Ardry understood that he was giving up his appellate rights by pleading guilty. (Plea Tr. at 9.) After Judge Maughmer accepted Ardry's plea, he issued a report and recommendation, recommending that this Court accept Ardry's plea. After a *de novo* review of the plea transcript, the Court adopted Judge Maughmer's report and recommendation.

Pursuant to the plea agreement, Ardry pled guilty to Count Two of the indictment: Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 846. (Plea Agrmt. ¶ 1.) In exchange for this plea and for his waiver of the right to appeal, the Government agreed to dismiss all remaining counts at sentencing and also agreed not to: 1) file an information, pursuant to 21 U.S.C. § 851, providing notice of Ardry's prior narcotics conviction; 2) seek a five-year, statutorily mandated consecutive sentence for Ardry's possession of a firearm during a narcotics crime; and 3) file any additional charges against Ardry arising from the underlying facts of the indictment. (Plea Agrmt. ¶ 7; Plea Tr. 12-13.) On May 20, 2005, Ardry was sentenced to 84 months imprisonment for Count Two.

Ardry filed a notice of appeal on May 25, 2005. On August 11, 2005, Ardry's defense counsel moved to withdraw from the case. While the Eighth Circuit considered that request, Ardry was invited to file a supplemental *pro se* brief. Ardry never filed the brief.

While the appeal was pending, Ardry filed a motion in this Court, challenging his sentence pursuant to § 2255. Because his appeal was still pending, Ardry's § 2255 motion was not ripe and this Court dismissed it without prejudice.

On August 16, 2006, after reviewing the case, the Eighth Circuit denied defense counsel's motion to withdraw and ordered briefing on the scope and enforceability of the plea agreement. However, on November 17, 2006 and December 6, 2006, Ardry moved to dismiss his appeal. On December 21, 2006, the Eighth Circuit granted the motion and dismissed the appeal. On February 20, 2007, Ardry filed the instant § 2255 motion.

## II.     Discussion

In his motion, Ardry raises four grounds for relief. He asserts that: 1) his criminal history points were miscalculated because one of the past convictions used in the calculation had actually been reduced; 2) a portion of the drugs he was charged with conspiring to distribute were actually for personal use and should not have been considered during sentencing; 3) the firearm enhancement was improper; and 4) his criminal history points were miscalculated because one of his past sentences had actually been suspended.

### A.     Waiver

As a general rule, a defendant may waive his appellate rights as part of a plea agreement. *United States v. Andis*, 333 F.3d 886, 889 (8th Cir. 2003). To be valid, any such waiver must have been made knowingly and voluntarily. *Id.* at 890. Even if knowing and voluntary, a waiver of appeal and post-conviction relief is not enforceable if

3

a sentence is illegal, would constitute a miscarriage of justice, or resulted from ineffective assistance of counsel. *DeRoo v. United States*, 223 F.3d 919, 924 (8th Cir. 2000).

In this case, Ardry does not argue that he did not knowingly and voluntarily waive his appellate rights. Ardry testified that he had read the plea agreement, discussed it with his attorney and understood its contents. Furthermore, at his change of plea hearing, the Court specifically questioned Ardry as to whether he agreed voluntarily to its terms. (Plea Tr. 9-10.) Ardry assured the court that he did. *Id.* He also stated that he was satisfied with the representation provided by his attorney, Mr. Huffman. (Plea Tr. 18.) Ardry has submitted no evidence that his waiver is invalid, and the record demonstrates that he knowingly and voluntarily gave up his right to seek post-conviction relief.

Furthermore, the Supreme court has held that "A plea of guilty by one fully aware of the direct consequences . . . must stand." *Brady v. United States*, 397 U.S. 742, 755 (1970). At the change of plea hearing, Ardry was specifically informed that entering a guilty plea would foreclose *any* appeal on the merits. (Plea Tr. 9.) Therefore, Ardry knowingly and voluntarily waived the right to appeal directly or collaterally.

**B.     Direct Appeal**

Even if Ardry had not waived his rights, he has procedurally defaulted his claims by failing to raise them on direct appeal. Section 2255 is not a substitute for a direct appeal. *See e.g.*, *United States v. Frady*, 456 U.S. 152, 165 (1982); *Aumen v. United States*, 67 F.3d 157, 161 (8th Cir. 1995). Ardry filed an appeal but he did not raise any of these issues and his appeal was ultimately withdrawn. At the time the appeal was

4

dismissed, the Eighth Circuit had not yet determined that Ardry's plea agreement precluded direct appeal. On the contrary, Ardry had been invited to file a *pro se* brief detailing his grievances, which he failed to do. Unless Ardry can establish adequate cause for not raising these issues during his appeal and actual prejudice resulting from the errors he alleges, his failure to raise these issues on direct appeal prevents him from raising them in a § 2255 motion. *See Frady*, 456 U.S. at 167-68; *Aumen*, 67 F.3d at 161. He has not established any cause for not raising these issues when invited by the Eighth Circuit to file a *pro se* brief and therefore cannot raise these issues in a § 2255 motion.

### C. Evidentiary Hearing

Unless the record "conclusively shows" that he is not entitled to relief, Ardry is entitled to an evidentiary hearing on his § 2255 motion. *See United States v. Regenos*, 405 F.3d 691, 694 (8th Cir. 2005). It is clear on the face of this record, that Ardry is not entitled to relief; therefore, no evidentiary hearing is needed.

### D. Certificate of Appealability

Similarly, A certificate of appealability should be issued only if Ardry can make a substantial showing of the denial of a constitutional right, debatable among reasonable jurists. *See Slack v. McDaniel*, 29 U.S. 473, 484 (2000). None of Ardry's claims has a constitutional dimension, and it is clear that he has no right to habeas relief under any theory; therefore, no certificate of appealability will be issued.

## III. Conclusion

Accordingly, it is hereby

ORDERED that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. # 1] is DENIED.

                                        s/ NANETTE K. LAUGHREY
                                        NANETTE K. LAUGHREY
                                        United States District Judge

Dated: June 19, 2007
Jefferson City, Missouri